IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| R. WAYNE KLEIN, the Court-Appointed Receiver of U.S. Ventures LC, Winsome Investment Trust, and the assets of Robert J. Andres and Robert L. Holloway,<br><br>Plaintiff,<br><br>v.<br><br>TOTAL HEALTH WELLNESS CENTER, INC.; GEORGETTE SUTTMAN; ROBERT SUTTMAN; and JENNY SUTTMAN,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:11-cv-954-DN-PMW<br><br><br><br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul M. Warner |

District Judge David Nuffer referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) R. Wayne Klein's ("Plaintiff") motion concerning service of process upon Robert Suttman ("Robert") and Jenny Suttman ("Jenny")[2] and (2) Plaintiff's motion to strike a letter sent to the court by Georgette Suttman ("Georgette").[3] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court

---

[1] *See* docket no. 23.

[2] *See* docket no. 12.

[3] *See* docket no. 20.

for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).

## RELEVANT BACKGROUND

Plaintiff filed this action to recover allegedly fraudulent transfers that Robert, Jenny, Georgette, and Total Health Wellness Center, Inc. ("Total Health") received from a Ponzi scheme.  After filing the complaint, Plaintiff was able to effect proper service upon Georgette and Total Health.  However, Plaintiff asserts that his numerous attempts to serve Robert and Jenny have been unsuccessful.  Plaintiff further contends that Georgette, who is Robert and Jenny's daughter, has refused to provide Plaintiff with Robert's and Jenny's addresses.

On March 2, 2012, the court received a letter from Georgette dated February 23, 2012, which is described as a "written explanation concerning [this] case."[4]  In that letter, Georgette asserts that she denies the allegations in Plaintiff's complaint and that she has no authorization to accept service for Robert and Jenny.

## ANALYSIS

### I. Plaintiff's Motion Concerning Service

In this motion, Plaintiff asks for a court order deeming service upon Georgette as proper service upon Robert and Jenny.  In the alternative, Plaintiff asks that the court order Georgette to provide Plaintiff with Robert's and Jenny's addresses so that Plaintiff may effect proper service upon them.  In conjunction with his alternative request for relief, Plaintiff requests that he be

---

[4] Docket no. 17.

provided thirty (30) days after Georgette provides Robert's and Jenny's addresses to effect proper service upon Robert and Jenny.

Pursuant to rule 4(m) of the Federal Rules of Civil Procedure, a defendant must be served with process within 120 days after the complaint is filed. *See* Fed. R. Civ. P. 4(m). However, the court may extend the time for service if the plaintiff can show good cause for the failure to serve within 120 days. *See id*.

In this case, Plaintiff's motion and supporting memorandum demonstrate that Plaintiff has undertaken diligent, but unsuccessful, efforts to serve Robert and Jenny. Given those efforts, the court is satisfied that Plaintiff has demonstrated good cause for his failure to serve Robert and Jenny within 120 days after the complaint in this case was filed. For that reason, Plaintiff's motion is granted. However, the court is unwilling, at this point, to deem service upon Georgette as proper service upon Robert and Jenny. Instead, the court will grant Plaintiff's alternative request for relief. Georgette is hereby ordered to provide Plaintiff with Robert's and Jenny's current addresses within fourteen (14) days of the date of this order. If Georgette does not have current addresses for Robert and/or Jenny, she shall provide Plaintiff with a sworn declaration to that effect. If Georgette is able to provide Robert's and Jenny's addresses to Plaintiff, Plaintiff shall then have thirty (30) days to effect proper service upon Robert and Jenny once the addresses have been provided.

## II.  Plaintiff's Motion to Strike

This motion concerns the February 23, 2012 letter that Georgette sent to the court. Plaintiff asks the court to strike that letter to the extent it could be construed as a responsive pleading for Total Health.

Pursuant to the rules of this court, a corporate entity, such as Total Health, is not allowed to appear pro se.  *See* DUCivR 83-1.3(c) ("No corporation, association, partnership or other artificial entity may appear pro se but must be represented by an attorney who is admitted to practice in this court.").  That principle is also well established under Supreme Court and Tenth Circuit precedent.  *See, e.g.*, *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Commercial & R.R. Bank of Vicksburg v. Slocomb, Richards & Co.*, 39 U.S. 60, 65 (1840) ("[A] corporation cannot appear but by attorney . . . ."); *Osborn v. Bank of the United States*, 22 U.S. 738, 830 (1824) ("A corporation, it is true, can appear only by attorney, while a natural person may appear for himself."); *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) ("It has been our long-standing rule that a corporation must be represented by an attorney to appear in federal court."); *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se.").

Pursuant to the above-referenced authorities, Georgette's February 23, 2012 letter, which was submitted pro se, cannot be construed as a responsive pleading on behalf of Total Health.

Accordingly, Plaintiff's motion to strike is granted, and to the extent that Georgette's February 23, 2012 letter could be construed as a responsive pleading for Total Health, it is stricken. In reaching that conclusion, the court expresses no opinion about whether Georgette's February 23, 2012 letter could or will be construed as a pro se responsive pleading for Georgette.

## CONCLUSION

In summary, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion concerning service of process upon Robert and Jenny[5] is **GRANTED**, as detailed above.

2. Plaintiff's motion to strike[6] is **GRANTED**, as detailed above.

**IT IS SO ORDERED**.

DATED this 26th day of April, 2012.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[5] *See* docket no. 12.

[6] *See* docket no. 20.